NEAL AND OTHERS, Defendants in Error, v. SMITH, Plaintiff in Error.

1. Where a partition sale is set aside on a motion which is contested by the purchaser, it is within the discretion of the court to tax the costs of the motion against him.

*Error to Cooper Circuit Court.*

This was a motion to set aside a partition sale. The case was once before in this court, (see 20 Mo. 294,) and was reversed and remanded. Upon a second hearing, the sale was set aside, and the Circuit Court taxed the costs of the motion against Smith, the purchaser, who now brings the matter here by writ of error.

*Gardenhire*, for plaintiff in error, insisted that the motion to set aside the sale was a step in the original cause to which the purchaser was not a party, and that the Circuit Court erred in taxing the whole cost of it against him. (R. C. 1845, p. 245, § 22 ; 20 Mo. 296 ; Sess. Acts, 1847, p. 106.)

23—VOL. XXII.

Neal v. Smith.

*Adams*, for defendant in error, that the costs were properly taxed, referred to the act concerning costs. (R. C. 1845, § 7 and 22.)

RYLAND, Judge, delivered the opinion of the court.

The only question in this case involves the propriety of the action of the court below in ordering the costs of the motion made to set aside the sale, to be taxed against the purchaser, Smith.

This was originally a petition for partition of real estate. The court ordered a sale of the land for that purpose. George W. Smith purchased the real estate at the sale made by the sheriff. James S. Hughes and others (some of the parties to the original proceeding for partitition) moved to set aside the sale made, and Smith, the purchaser, contested this motion. The Circuit Court overruled the motion ; the case was brought before this court and the judgment of the court below was reversed, and the case remanded for trial. On the second trial of the motion, issues were made involving the character of the sheriff's sale, and alleging its fraud and illegality. These issues were found in favor of the motion, and the Circuit Court set aside the sale made by the sheriff and taxed the costs of the motion against Smith, the purchaser, and sole opponent of the motion. Of this Smith complains, and has brought the matter before this court.

In this matter, Smith, by his counsel, contends that the costs of the motion ought to have been taxed as the other costs of the proceedings in partition, and should be paid by the parties interested therein. But such is not the opinion of this court. By the 6th section of art. 1st of statute concerning costs, (R. C. 1845, p. 242,) the court has express authority to tax the costs of this motion against the party unsuccessful. In all civil actions or *proceedings of any kind,* the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law. " Sec. 7. On all motions, the court may give or refuse costs at its discre-

tion, unless where it is otherwise provided by law." Now the 22d section of the same article, which declares that, "In all cases founded on the statute concerning partition of land, the petitioner or petitioners shall pay all costs in the first instance, but shall be entitled to judgment against each of the parties interested in the partition, for such part of the whole costs attending the proceeding as shall be proportionate to the amount of his interest," &c. ; and the 2d section of the act of 1847, amendatory of the partition act of 1845, which declares that, " In all cases of partition, arising under the above act, (that is, act of 1845,) the necessary expense attending such partition, together with a reasonable attorney's fee, to be assessed by the judge of the court before whom partition is had, shall be equally taxed against all persons interested in such partition, in proportion to their respective interests therein," are not to be considered as otherwise expressly providing in relation to these interlocutory costs. Nor do these last provisions take away the discretionary power of the court in relation to such interlocutory costs. The Circuit Court, then, had the authority to tax the costs on this motion against Smith ; and, having done so, we can not say that the discretion was abused. Indeed we think it would have been improperly exercised, if it had failed to tax him with the costs.

Let the judgment be affirmed, Judge Leonard concurring; Judge Scott sick, absent.